PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LM INSURANCE CORPORATION, *et al.*, | ) | |
| Plaintiffs, | ) | CASE NO. 5:15CV2647 |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GEORGE SZUHAY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF Nos. 37 and 41] |

Pending is the Motion for Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1 (ECF No. 41) filed by Defendant/Counter-Claimant Amanda Criss, Administratix for the Estate of George Szuhay ("Defendant").[1] Plaintiff/Counter-Defendant LM Insurance Corporation ("Plaintiff") has responded (ECF No. 42); Defendant replied (ECF No. 43). Also pending is Defendant's Motion for Relief from Judgment or Order, Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 37) to which Plaintiff has responded (ECF No. 39); Defendant replied (ECF No. 40). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons

---

[1] Having entered final judgment and with an acknowledged appeal pending, the Court denied without prejudice to it being re-filed before the Sixth Circuit (No. 16-4761) the Notice of Suggestion of Death and Motion to Substitute Party (ECF No. 34) filed by Amanda Criss, Administratix for the Estate of George Szuhay. *See* ECF No. 36. Defendant subsequently filed a Motion to Substitute Party (ECF No. 43-1; Doc. 12 in No. 16-4761) and the Sixth Circuit granted substitution. *See* ECF No. 43-2; Doc 13 in No. 16-4761. Accordingly, the Court grants Defendant's request to substitute Amanda Criss, Administratix for the Estate of George Szuhay, as party before the Court solely for the purpose of this indicative ruling. *See* ECF No. 43 at PageID #: 479.

(5:15CV2647)

set forth below, the Court grants, in part, Defendant's motion for indicative ruling and denies Defendant's motion for relief from judgment.

## I. Background & Procedural History

In this action, Plaintiff moved the Court to render judgment that it had no obligation under a commercial general liability insurance policy (the "CGL Policy") to satisfy the judgment resulting from Defendant's underlying action against non-party Empire Dies Casting Co., Inc. ("Empire") for employer intentional tort and premises liability. ECF No. 11. On November 29, 2016, the Court issued its Memorandum of Order and Opinion (ECF No. 31) and Judgment Entry (ECF No. 32) in favor of Plaintiff and declaring that Plaintiff had no obligation under the CGL Policy to satisfy the judgment. ECF No. 31 at PageID #: 418. On December 28, 2016, Defendant filed a Notice of Appeal to the Sixth Circuit. ECF No. 35. On February 1, 2017, Defendant filed a Motion for Relief from Judgment or Order, Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 37). Defendant acknowledges that, because an appeal has been docketed and is pending before the Sixth Circuit (No. 16-4761), the Court does not presently have jurisdiction to consider Defendant's motion for relief. ECF No. 41 at PageID #: 469. Therefore, Defendant moves the Court for an indicative ruling pursuant to Fed. R. Civ. P. 62.1. The matter is now ripe for adjudication.

## II. Legal Standards

**A. Indicative Ruling**

Federal Rule of Civil Procedure 62.1(a) provides:

(5:15CV2647)

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1. Moreover, the Advisory Committee Notes to Rule 62.1 explain:

> Often it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose. But a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal. In such circumstances the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeals agrees that it would be useful to decide the motion before decision of the pending appeal. The district court is not bound to grant the motion after stating that the motion raises a substantial issue; further proceedings on remand may show that the motion ought not be granted.

*See* Fed. R. Civ. P. 62.1 advisory committee's note to 2009 adoption.

**B. Relief from Judgment**

Federal Rule of Civil Procedure 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

3

(5:15CV2647)

> or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint. Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation. The factual predicate of a Rule 60(b) motion, therefore, deals with some irregularity or procedural defect in the procurement of the judgment denying relief. *See In re Abdur'Rahman*, 392 F.3d 174, 179-80 (6th Cir. 2004) (overruled on other grounds). It does not afford a defeated litigant a second chance to convince the court to rule in his favor by presenting new explanations, new legal theories, or proof. *Jinks v. AlliedSignal*, Inc., 250 F.3d 381, 385 (6th Cir. 2001).

### III. Prior Ruling

Count One of Defendant's counterclaim sought declaration that Defendant is entitled to judgment and obligation of payment because the Leasing Agreement between non-parties Barnett & Brown Personnel Services, Inc., d/b/a Integrity Staffing Services ("ISS") and Empire was an insured contract under the CGL Policy at issue in this action. ECF No. 31 at PageID #: 410; ECF No. 8 at PageID #150, ¶¶ 26-31. In its prior ruling, the Court found that the CGL Policy excluded coverage for bodily injury to a leased worker performing duties related to the conduct of Empire's

4

(5:15CV2647)

business. *See* Memorandum of Opinion and Order, ECF No. 31 at PageID #: 403. The Court also found that the CGL Policy included an exception to this bodily injury liability exclusion if Empire assumed liability for bodily injury or property damage in an "insured contract." *Id.* at PageID #: 404. Moreover, the Court found that, the terms of the CGL Policy defined an "insured contract" as:

> that part of any other . . . agreement pertaining to Empire's business . . . under which Empire *assumes the tort liability of another party* to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by Empire or by those acting on Empire's behalf.

*Id.* (emphasis added). *See also id.* at PageID #: 411.

The Court found that the Leasing Agreement included a reciprocal indemnification clause that provided, in relevant part, that "[Empire] agrees that it will indemnify and hold ISS harmless from any and all 'Damages' (as hereinafter defined) arising out of or related to . . . (iv) claims of Leased Employees arising out of conduct of [Empire], such as (but not limited to) . . . negligent or intentional (tortious) conduct[.]" *Id.* at PageID #: 402, 411. Accordingly, the Court found that the Leasing Agreement is an insured contract under the CGL Policy issued by Plaintiff because the Leasing Agreement required Empire, the insured, to assume the tort liability of another party –namely, ISS. *Id.* at PageID #: 411. This finding, however, did not presume a declaration in Defendant's favor; nor did it preclude a declaration in Plaintiff's favor.

The Court went on to proclaim: "Absent evidence in Defendant's counterclaim, reply, or the exhibits attached thereto of an action or judgment against ISS for Empire's breach or tortious conduct, the Court has no basis to find the indemnity clause between ISS and Empire was triggered in Defendant's case." *Id.* From this latter point, Defendant somehow deduces that "the

5

(5:15CV2647)

Court ruled that an action or judgment against ISS is required to implicate the [Leasing Agreement]'s indemnity provision." ECF No. 37 at PageID #: 437.[2] Based on this (mis)understanding, Defendant alleges that "[t]he Court's reading into the CGL that a civil action or judgment against the indemnity is required to trigger the indemnity provision has created an ambiguity in the CGL [Policy] because no where in the [CGL Policy] or [Leasing Agreement] requires as such." *Id.* at 439. The Court finds Defendant's statements both troubling and inaccurate. The Court made no such ruling. Nor did the Court import the alleged ambiguity.

Defendant seeks to enforce a state court default judgment against Empire and, pursuant to the default judgment entry, an award to Defendant of $696,937.09 for lost wages, medical bills, and non-economic damages. Defendant seeks payment of the judgment by Plaintiff pursuant to Plaintiff's coverage of Non-party Empire under the CGL Policy. *See* Defendant's Counterclaim, ECF No. 8 at PageID #: 147, ¶¶ 17-21, 31 and 40; *id.* at PageID #: 152, ¶¶ A-B. *See also* ECF No. 31 at PageID #: 406; ECF No. 1-7. Accordingly, it is Defendant—not the Court—who confined the alleged "tort liability" in this action by proffering to Plaintiff and the Court a judgment in an underlying state court action and seeking declaration from the Court that Plaintiff is obligated to fulfill that judgment.

In its Memorandum of Opinion and Order, the Court gave full consideration to the parties' arguments with respect to Plaintiff's obligation to pay the judgment. In so doing, the

---

[2] One of the issues raised on appeal before the Sixth Circuit is: "In an insured contract, does the term 'tort liability' require a judgment be had against the indemnitee in order to trigger the indemnity clause under a leasing agreement?" *See* Civil Appeal Statement of Parties and Issues, Doc. 9 in Case No. 16-4761.

(5:15CV2647)

Court considered at length Defendant's arguments and the applicable law regarding the indemnitor-indemnitee relationship that exists between non-parties ISS and Empire. ECF No. 31 at PageID #: 408-414. The Court explained, among other things that, "Empire—the indemnitor—is required to indemnify ISS—the indemnitee—from damages for breach of Empire's obligations under the Leasing Agreement and for claims of Leased Employees arising out of Empire's tortious conduct." *Id.* at PageID #: 411. To the extent that further clarification is needed, the "claims of Leased Employees arising out of Empire's tortious conduct" would have been claims against ISS, not Empire, for which Empire is obligated to indemnify ISS under the reciprocal indemnification clause of the Leasing Agreement. Moreover, Defendant concedes this in its pending motions when Defendant argues for the indemnification of ISS's—not Empire's—tort liability. *See* ECF No. 37 at PageID #: 437 ("All that is required under the CGL is to show that ISS committed some act and suffered some loss or liability for which Empire is obligated to indemnify.").

In its counterclaims (ECF No. 8 at PageID #: 145-53), Defendant did not present the Court with any claim of tort liability—whether as an action, judgment or in any other form—against ISS to which Empire was obligated to indemnify ISS pursuant to the Leasing Agreement and the insured contract exception of the CGL Policy. Accordingly, the Court maintains its earlier ruling that "the Court has no basis to find the indemnity clause between ISS and Empire was triggered in Defendant's case." ECF No. 31 at PageID #: 411.

(5:15CV2647)

## IV. Relief from Judgment

Defendant avers two grounds for relief in its motion for relief from judgment. First, Defendant argues that, pursuant to Rule 60(b)(1), the Court made a mistake when it "ruled that an action or judgment against ISS is required to implicate the [Leasing Agreement]'s indemnity provision." ECF No. 37 at PageID #: 437. As reiterated in this writing, the Court made no such ruling. Accordingly, the Court finds this argument unavailing. Along this same line of argument, Defendant contends that under the terms of Leasing Agreement between Empire and ISS, Empire was required to indemnify ISS "from any and all damages arising out of or related to [Defendant's] claims arising out of Empire's conduct." *Id.* Defendant avers further that the definition of "damages" in the Leasing Agreement includes "losses." Thus, Defendant argues anew that: (1) the indemnity clause of the Leasing Agreement was triggered by a "showing of some loss suffered by the indemnitee[, ISS,] as a result of [Empire's] conduct;" (2) "the loss or damage suffered by ISS was [the deceased's] non-productivity that would have benefitted ISS and the workers' compensation[3] which [ISS] was required to pay, caused, in whole or in part, by Empire's conduct, or those acting on its behalf[;]" and, (3) "Empire is obligated to indemnify ISS

---

[3] Defendant avers that because the Leasing Agreement "obligated ISS to pay workers' compensation claims, and that [the deceased] sought and received workers' compensation benefits, the payment of benefits is a loss or damage which Empire is obligated to indemnify ISS." ECF No. 37 at PageID #: 438. The Court notes that, to date, counsel only seeks leave of court to supplement the record pertaining to the deceased's alleged workers' compensation claim with a copy of a document that it purports is a "First Report of Injury form" (ECF No. 40-1) that was retrieved from the Ohio Bureau of Workers' compensation online portal in February. ECF No. 40 at PageID #: 460 n.2. *See also* ECF No. 37 at PageID #: 438 n.1. The Court grants Defendant's request for leave to include the attachment as part of its motion for relief from judgment.

8

(5:15CV2647)

for losses, including all losses suffered by [the deceased]." *Id.* Defendant did not raise these arguments in its counterclaims (ECF No. 8 at PageID #: 145-53) nor in its opposition to judgment on the pleadings (ECF No. 12). Moreover, Rule 60(b) does not permit parties to relitigate the merits of claims or to raise new claims, explanations, legal theories, or proof that could have been raised during the litigation of the case or in the initial complaint. Accordingly, the Court finds Defendant's first ground for relief unavailing.[4]

Next, Defendant raises another new argument—one not raised in his counterclaims or in opposition to judgment on the pleadings. For the first time, Defendant invokes the "Separation of Insureds clause" of the CGL Policy to buttress its counterclaim seeking declaratory judgment that ISS and/or Defendant are "additional insured" covered under the CGL Policy. ECF No. 37 at PageID #: 441. Defendant avers that, pursuant to Rule 60(b)(1), the "[t]he Court erred in construing the [Leasing Agreement] and the policy coverage afforded to ISS as an additional insured and further erred in failing to consider an additional occurrence that provided coverage." *Id.* Defendant contends further:

> The Employer's Liability exclusion under the CGL [Policy] does not apply in the context of ISS as an additional insured because it is a specific right assigned to Empire that is excepted by the Separation of Insureds provision. . . . Under the Separation of Insureds provision, ISS's liability as an additional insured was implicated because a claim, albeit a workers' compensation claim, was brought against it.

---

[4] Because the Court has already addressed Defendant's argument regarding the import of ambiguity, *infra*, the argument is deemed moot for the purposes of addressing Defendant's arguments for relief from judgment.

9

(5:15CV2647)

*Id.* at PageID #: 441-42. Rule 60(b) does not permit Defendant to present this new argument in a motion for relief from judgment. Accordingly, the Court finds Defendant's second ground does not warrant relief under Rule 60(b).

**V. Indicative Ruling**

In its Motion for Indicative Ruling (ECF No. 41), Defendant argues that, pursuant to Rule 62.1(a)(3), the Court should issue a ruling indicating that "if the case were remanded, [the Court] would grant [Defendant's] motion or [that] it raises a substantial issue [affecting] the interpretation and construction of insurance contracts." ECF No. 41 at PageID #: 471. Specifically, Defendant contends that this case raises the substantial issue of whether there is coverage under the two exceptions asserted in its counterclaims and that the case is "in the public interest" because it impacts the "limits of policy interpretation, coverage and exclusions" in the insurance industry. *Id.* Plaintiff urges the Court to deny Defendant's motions for indicative ruling and relief from judgment on grounds that: (1) Defendant concedes that it is no longer asking Plaintiff to indemnify Empire for the judgment Defendant obtained against Empire in the underlying state court action; and (2) Defendant has abandoned "the very justiciable controversy which initially gave rise to this action" —Defendant sought payment by Plaintiff of the judgment Defendant obtained against Non-party Empire in the underlying state court action and alleged that Plaintiff refused to pay the judgment amount. ECF No. 42 at PageID #: 474.

As discussed in this writing, Defendant's motion for relief from judgment misapprehends the Court's prior ruling on the merits of Defendant's counterclaims and attempts to raise arguments anew as to the tort liability of non-parties to this action. There is no substantive issue

10

(5:15CV2647)

that would warrant a remand to the Court. At best, Defendant invites the Court to re-adjudicate the merits of its counterclaims by considering new explanations and legal theories, and to re-issue a ruling in its favor. The Court declines the invitation.

## VI. Conclusion

Accordingly, Plaintiffs' Motion for Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1 ([ECF No. 41](#)) is granted in part, and denied in part. The Court denies Defendant's request to issue a ruling indicating that Defendant's motion for relief from judgment raises a substantial issue and that, on remand, the Court would grant the motion. The Court indicates and hereby certifies under [Fed. R. Civ. P. 62.1(a)(2)](#) that it denies Defendant's Motion for Relief from Judgment or Order, Pursuant to Fed. R. Civ. P. 60(b) ([ECF No. 37](#)) for the reasons previously discussed. Moreover, Defendant's request to "amend the counterclaim" ([ECF No. 37 at PageID #: 442-43](#)) is denied.

IT IS SO ORDERED.

|  May 19, 2017  |  */s/ Benita Y. Pearson*  |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |